**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.**

| | |
|---|---|
| FUSION ANALYTICS INVESTMENT PARTNERS LLC, | : : : |
| Plaintiff, | : : |
| vs. | : : |
| WEALTH BRIDGE SOLUTIONS, LLC, PETER WEITZ, STEVEN WEITZ, and BRIAN RICE, | : : : : |
| Defendants. _____ | : : |

## **VERIFIED COMPLAINT**

Plaintiff Fusion Analytics Investment Partners LLC hereby seeks preliminary and permanent injunctive relief and money damages against Defendants, Wealth Bridge Solutions, LLC, Peter Weitz, Steven Weitz and Brian Rice, who have engaged in a far-reaching, brazen scheme to destroy Fusion's business through the wholesale theft and conversion of Fusion's trade secrets, confidential client information and other items for their own financial gain. Defendants have used and are using Fusion's property to contact and solicit Fusion's clients in violation of their duties to Fusion, including, but not limited to their fiduciary duties, Florida law, and state and federal laws. Defendants Wealth Bridge and Rice have facilitated, encouraged and participated in and therefore aided and abetted the Weitzs' unlawful conduct.

## I. THE PARTIES

1. Plaintiff Fusion is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Fusion maintains an office for business in Coral Springs, Florida.

2. Defendant Wealth Bridge is a limited liability company organized and existing under the laws of the State of Oregon, with its principal place of business in Portland, Oregon.

3. Defendant Peter Weitz is a former Fusion Senior Vice President and Managing Director of Fusion's 401(k) Advisory Group in Fusion's Coral Springs, Florida office. Fusion is informed and believes that Peter is a resident and citizen of the State of Florida, and resides at 4208 NE 21st Avenue, Fort Lauderdale, Florida 33308.

4. Defendant Steven Weitz is a former Fusion employee, who was employed as a registered investment advisor in Fusion's Coral Springs, Florida office. Fusion is informed and believes that Steven is a resident and citizen of the State of Florida, and resides at 12313 NW 10th Drive, Coral Springs, Florida 33071.

5. Defendant Brian Rice is a principal and control person of Wealth Bridge. Upon information and belief, Rice resides in Portland, Oregon.

## II. JURISDICTION AND VENUE

6. Subject matter jurisdiction exists by virtue of diversity of citizenship, 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and there is complete diversity of citizenship. Injunctive relief is sought pursuant to Federal Rule of Civil Procedure 65. Venue is proper in this judicial district under 28 U.S.C. § 1391(a), *inter alia*, as it is the district in which the conduct complained

of arose, in which plaintiff Fusion maintains a place of business and in which Defendants Peter and Steven Weitz reside.

### III.  THE FACTS

7. Defendants Peter Weitz and Steven Weitz were employed as registered representatives in Fusion's Coral Springs, Florida, office from 2009 until September 25, 2017.

8. As registered representatives for Fusion, the Weitzs were primarily responsible for servicing Fusion's investment clients.  The advisory and execution fees that Fusion receives from its clients constitute its primary source of revenue.  Fusion's client base has been developed by Fusion over the years at considerable cost and through the diligent efforts of Fusion.  Fusion assigned the Weitzs' to service at least 200 of its clients holding millions of dollars of assets under Fusion management.  Fusion paid the Weitzs' substantial salaries and commissions.

9. In order to permit the Weitzs to service its clients, Fusion provided the Weitzs with access to Fusion's extensive client records and information, including clients' transaction histories, account types, account balances, asset allocations, income, liquid and total net worth, tax status, tax information, investment objectives, and other confidential financial information.

10. The Weitzs' resigned on September 25, 2017, and immediately began working at Wealth Bridge.

11. Following the Weitzs' resignations, Fusion for the first time discovered that they for several months had been secretly soliciting Fusion clients to divert their business to their new employer.

12. Among other things, a review of the Weitzs' emails on Fusion's computer system revealed a scheme by the Weitzs dating back several months by which they had been planning

their exit from Fusion, with referral sources of Fusion. (Copies of Email Correspondence are annexed hereto as Exhibit A.)

13. Continuing the scheme after the termination of their employment at Fusion, the Weitzs on their last day at work at Fusion literally walked out of Fusion's office with the physical files of over 75 of Fusion's 401(k) advisory clients, and have since been unlawfully downloading Fusion's confidential valuable client account information.

14. Additional unlawful conduct of the Weitzs discovered by Fusion includes: 1) unauthorized computer downloads of client information, 2) use of the computer "wiping" software DP Wiper to eliminate evidence of their actions, and 3) emails containing Fusion's confidential client information sent from their Fusion email addresses to their personal email addresses. (Copies of Email Correspondence are annexed hereto as Exhibit B.)

15. Several of Fusion's clients have since the Weitzs' departure reported receiving telephone calls from them in which they have solicited the clients to move their business to Wealth Bridge.

16. Fusion has spent significant financial and human resources to develop and maintain this information, which is of great value to Fusion and which would cause it far-reaching damage in the hands of a competitor such as Wealth Bridge.

17. Fusion has expended substantial effort and expense to protect the confidentiality of its customer lists and client information, including computer and office security systems and agreements with all of its employees strictly forbidding the appropriation or use of such information.

18. The Weitzs have improperly retained Fusion's confidential information, and used Fusion's confidential customer information to identify, contact, solicit and induce Fusion clients

to transfer their accounts and otherwise divert business from Fusion to their new employer, Wealth Bridge.

19. By stealing and providing to a competitor client records, including the names, addresses, telephone numbers, e-mail addresses and other financial information regarding Fusion's clients, the Weitzs have violated their fiduciary duties to Fusion.

20. Upon information and belief, that the Weitzs have engaged in, are engaging in, and plan to continue to engage in, *inter alia*, the following unlawful acts:

(a) retention and/or use of customer information and conversion of the information contained in confidential Fusion business records stolen from Fusion during their employment with Fusion, specifically including the names, addresses, telephone numbers, and/or other confidential financial information of the customers they serviced at Fusion;

(b) transmitting verbally, in writing or in any other manner to their new employer, Wealth Bridge, and/or others, clients' names, addresses, and/or other information contained in the records of Fusion and described in sub-paragraph (a), above;

(c) soliciting and contacting and/or preparing to solicit and contact, Fusion's clients to terminate their relationship with Fusion and transfer their accounts to their new employer, Wealth Bridge using confidential and proprietary information stolen by the Weitzs; and/or

(d) other acts in breach of their fiduciary duties to Fusion.

21. Defendants' conduct was, and is, in furtherance of a scheme to obtain and to convert to their personal use, and for their personal gain, the records of Fusion, the property of Fusion, the names, addresses and/or other confidential customer information used to conduct business at Fusion, the trade secrets of Fusion, and the goodwill generated, directly and indirectly, by his

association with Fusion, and to do so by means of, *inter alia*, solicitation of clients of Fusion serviced by the Weitzs and whose names became known to them while in the employ of Fusion.

22. Fusion believes, and therefore alleges, that Wealth Bridge and Rice have provided the Weitzs with financial incentives based upon representations made by them concerning the clients they serviced at Fusion and which they expect to divert to Wealth Bridge. On information and belief, Wealth Bridge intends to profit from the Weitzs' unlawful conduct.

23. The Weitzs engaged in the conduct described above in anticipation of their employment with Wealth Bridge, and then as employees of Wealth Bridge, on its behalf, and, on information and belief, with its aid, support and encouragement.

24. Wealth Bridge, acting through its employees, the Weitzs, and by means of any other efforts it undertook to assist, support or encourage their conduct, has misappropriated and misused Fusion's confidential and trade secret information, committed the tort of unfair competition, and tortiously interfered with Fusion's contractual and business relationships.

25. It is evident that defendants will not cease from their tortious and unlawful conduct unless enjoined from doing so. Absent an injunction, defendants will continue to misappropriate Fusion's trade secrets, to violate the confidentiality of Fusion's confidential information, to contact and solicit its clients, and to engage in other tortious conduct, including unfair competition. Fusion has demanded in writing that defendants cease their misconduct, return all client information, and provide assurances that they will not commit such breaches in the future. (A copy of the Cease and Desist Letter is annexed hereto as Exhibit C.) Nevertheless, defendants' unlawful conduct continues to this day.

26. In addition to injunctive relief, Fusion seeks damages to compensate it for the business defendants have diverted or may divert from Fusion.

## COUNT I
## **INJUNCTIVE RELIEF**
(All Defendants)

27. Fusion hereby repeats and realleges paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Fusion has legitimate business interests in protecting its trade secrets, confidential customer information, substantial relationships with its existing and prospective customers and its customer goodwill.

29. In light of the facts set forth above, Fusion is likely to succeed on the merits of its claims against Defendants.

30. Unless the defendants are preliminarily enjoined from the foregoing conduct, Fusion will be irreparably harmed by:

(a) Disclosure and misuse of trade secrets, customer lists, and/or other confidential information that is solely the property of Fusion and its clients;

(b) Loss of confidentiality of the information contained in clients' records, loss of confidentiality of clients' financial dealings, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation; and

(c) Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

31. The injury to Fusion outweighs any miniscule damage to defendants. The injunction would not be adverse to the public interest; indeed, the public policy of the State of Florida, as embodied in its Trade Secrets Act, is to enjoin the misappropriation of trade secrets. Fla. Stat. 688.001 *et seq*.

32. Fusion has no adequate remedy at law.

33. By statute, Fusion is entitled to reimbursement of its reasonable costs, including attorney's fees, incurred in this action.

## COUNT II
## MISAPPROPRIATION AND MISUSE OF TRADE SECRETS
## IN VIOLATION OF FLA. STAT. § 688.001, ET SEQ.
(All Defendants)

34. Fusion hereby repeats and realleges paragraphs 1 through 26 of this Complaint as if fully set forth herein.

35. The books, files and records of Fusion, the confidential information contained therein, and especially the data pertaining to Fusion customers, including customers' names and addresses, as well as additional information such as customers' social security numbers, account numbers, financial status, financial statements, investment objectives and preferences, assets and/or securities held by these customers, and other highly confidential personal and financial information, are trade secrets of Fusion subject to protection under the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, et seq.; see Fla. Stat. § 688.002.

36. This information derives independent economic value by not being accessible, through proper means, to competitors such as Wealth Bridge, which can profit from its use or disclosure. The identities of Fusion's clients are not readily available to the public or to Fusion's competitors. Fusion has spent significant sums, in terms of both financial and human resources, to develop and maintain this information, which is of great value to any competitor.

37. Fusion has taken more than adequate measures under the circumstances to maintain the secrecy of this information, including assigning computer access passwords to be used to access Fusion computer systems and records, restricting access to its business premises, and having employees, including the Weitzs, sign agreements which expressly prohibit the use and disclosure of such information outside of Fusion.

38. Defendants' conduct, as described above, constitutes a misappropriation and misuse of Fusion's confidential, trade secret information in violation of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, *et seq.* Defendants acquired Fusion's trade secrets by improper means. Defendants disclosed and/or used Fusion's trade secrets without Fusion's express or implied consent, and continued despite Fusion's request that they cease and desist. At the time of the disclosure or use, the defendants knew or had reason to know that their knowledge of the trade secret was derived from the Weitzs' use of improper means to acquire it, that their knowledge was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, and was from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

39. Defendants' conduct has caused Fusion to suffer damages. Fusion has suffered, and will suffer, actual loss, which Fusion is entitled to recover as an element of its damages. In addition, defendants have been unjustly enriched by their misappropriation of Fusion's trade secrets, and Fusion is entitled to recover, as an element of its damages, the value of that unjust enrichment.

40. Defendants' acts of misappropriation were, and continue to be, malicious and willful. Accordingly, by statute, Fusion is also entitled to, and seeks recovery of, its attorneys' fees and costs.

## COUNT III
## BREACH OF DUTY OF LOYALTY
(Peter Weitz and Steven Weitz)

41. Fusion hereby repeats and realleges paragraphs 1 through 26 of this Complaint as if fully set forth herein.

42. The Weitzs each had, and each continues to have, a common law duty of loyalty arising as a result of his relationship as an employee, agent and/or representative of Fusion.

43. As a result of their employment by Fusion, the Weitzs each had a confidential relationship with Fusion.

44. The Weitzs each is now using for his own benefit the customer information he gained as a result of his employment with Fusion, and is doing so for the purpose of soliciting Fusion clients to transfer their accounts to their new employer, Wealth Bridge.

45. As a consequence of the foregoing, Fusion has suffered and will continue to suffer damages, and irreparable harm and loss.

## COUNT IV
## CONVERSION
(All Defendants)

46. Fusion hereby repeats and realleges paragraphs 1 through 26 of this Complaint as if fully set forth herein.

47. The defendants' conduct constitutes a conversion of Fusion's confidential business information, Fusion's trade secrets, Fusion's property, and Fusion's proprietary rights and interests.

48. Defendants' conduct has caused Fusion to suffer damages, and irreparable harm and loss.

## COUNT V
## UNFAIR COMPETITION
(All Defendants)

49. Fusion hereby repeats and realleges paragraphs 1 through 26 of this Complaint as if fully set forth herein.

50. The foregoing conduct of defendants constitutes an unfair method of competition in violation of law.

51. As a consequence of the foregoing, Fusion has suffered and will continue to suffer damages, and irreparable harm and loss.

## COUNT VI
## TORTIOUS INTERFERENCE WITH CONTRACT
(All Defendants)

52. Fusion hereby repeats and realleges paragraphs 1 through 26 of this Complaint as if fully set forth herein.

53. Fusion has valid contractual and business relationships with its customers.

54. Defendants had knowledge of these relationships between Fusion and its customers.

55. Defendants have intentionally interfered with these contracts by soliciting and inducing Fusion customers to terminate their relationships with Fusion.

56. Defendants had no justification for their actions.

57. Fusion has suffered, and will suffer, loss and damages as a result of defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Fusion Analytics Investment Partners LLC, prays for entry of judgment in its favor and against all defendants for preliminary injunctive relief pending the outcome of an expedited hearing, and further respectfully requests that:

(1) A Preliminary Injunction Order issue enjoining defendants Wealth Bridge, Peter Weitz, Steven Weitz, and Brian Rice directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Wealth Bridge from:

    (a) initiating any contact whatsoever with any customer of Fusion identified as a referring source;

    (b) soliciting any business from, or initiating any further contact or communication with, any customer of Fusion whom the Weitzs served at Fusion, and/or any prospective customers or any customers whose identities either of them learned as a result of their employment with Fusion, including for the purpose of advising any customers of their new affiliation or for the purpose of inviting, encouraging, or requesting the transfer of any customer accounts from Fusion to Wealth Bridge;

    (c) using, disclosing, or transmitting for any purpose, including the solicitation or conducting of business or initiation of any contact with Fusion clients, the information contained in the records of Fusion, or other information pertaining to Fusion clients, including, but not limited to, the names, addresses, email addresses, personal data and financial information of the clients;

    (d) destroying, erasing or otherwise making unavailable for further proceedings in this matter, any records or documents (including data or information maintained in computer files or other electronic storage media) in any defendant's possession or control which were obtained from, or contain information derived from, any Fusion records, which pertain to Fusion's clients, or which relate to any of the events alleged in the Complaint in this action.

  (2) An Order directing that Defendants, and anyone acting in concert or participation with defendants, or any of them, including a defendant's counsel, and any agent, employee, officer or representative of Wealth Bridge or any of its subsidiaries or affiliates, are required to return to plaintiff's counsel any and all records or information pertaining to Fusion's clients or plaintiff's business, and/or which were obtained by the Weitz defendants as a result of their employment with

Fusion, whether in original, copied, handwritten or any other form, and purge any such information from their possession, custody, or control, within 24 hours of notice to a defendant or his counsel of the terms of the Court's Order; provided, however, that any information in computerized or electronic form (including but not limited to personal computers, lap top computers, iPhones, Blackberries, Treos, Palm Pilots, mobile telephones and any other device in, or on, which data can be electronically stored) shall be provided by the defendants to their counsel within 24 hours of notice to defendants or their counsel of the terms of the Court's Order, and defendants' counsel shall preserve the integrity of such devices and immediately make any and all such devices available for inspection and duplication by plaintiff's counsel and/or computer forensic consultants.

    (3)    Any other relief that the Court deems appropriate and proper.

## VERIFICATION

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Joseph P. Conte, Chief Financial Officer
Fusion Analytics Investment Partners LLC

Dated: October 3rd, 2017.

**BARITZ & COLMAN LLP**
1075 Broken Sound Parkway NW, Suite 102
Boca Raton, Florida 33487
Telephone: (561) 864-5100
Facsimile:  (561) 864-5101

*/s/ Andrew Thomson*
Neil S. Baritz
Florida Bar No. 003468
nbaritz@baritzcolman.com
Andrew Thomson
Florida Bar No. 057672
athomson@baritzcolman.com