UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FUSION ANALYTICS INVESTMENT
PARTNERS, LLC,

    Plaintiff,

v.

WEALTH BRIDGE SOLUTIONS, LLC,
PETER WEITZ, STEVEN WEITZ, and
BRIAN RICE,

    Defendants.
_____/

CASE NO.: 17-CV-61947-GAYLES

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Wealth Bridge Solutions, LLC ("**Wealth Bridge**"), Peter Weitz ("**P. Weitz**"), Steven Weitz ("**S. Weitz**") and Brian Rice ("**Rice**") (collectively "**the Defendants**"), by and through their undersigned counsel, hereby file this Motion to Dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, to dismiss Counts III through VI of Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil procedure 12(b)(6), and in support states as follows:

## SUMMARY OF REQUESTED RELIEF

1.    This Court lacks subject matter jurisdiction over this matter. Plaintiff's Complaint asserts "subject matter jurisdiction exists by virtue of diversity of citizenship, 28 U.S.C. §1332." The jurisdictional allegations in Plaintiff's Complaint, however, are insufficient as a matter of law to establish that Plaintiff's citizenship as an LLC is diverse from every named defendant, as

required by 28 U.S.C. §1332.  Defendants therefore respectfully request that this Court dismiss Plaintiff's Complaint in its entirely pursuant to Federal Rule of Civil Procedure 12(b)(1).

2. Alternatively, if the Court does determine that it possesses subject matter jurisdiction, Counts III through VI of Plaintiff's Complaint must be dismissed because these claims are preempted by the Florida Uniform Trade Secrets Act pursuant to F.S. § 688.008(1) (the "**FUTSA**"). In its Verified Complaint, Plaintiff asserts six (6) causes of action for: (I) injunctive relief; (II) misappropriation and misuse of trade secrets in violation of the FUTSA; (III) breach of the duty of loyalty; (IV) conversion; (V) unfair competition; and (VI) tortious interference with contract. However, all six causes of action are premised on the same set of facts alleging misappropriation of alleged trade secrets. The FUTSA expressly preempts the non-statutory tort claims asserted by Plaintiff.  Thus, Defendants respectfully request that this Court dismiss Counts III through VI of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

### The Complaint Fails to Adequately Plead Subject Matter Jurisdiction

3. According to the allegations of the Complaint, the Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in New York, New York.[1]  The Complaint contains no information regarding the names of the members of the Plaintiff or the citizenship of any of Plaintiff's members.  Instead, Plaintiff has alleged only that subject matter jurisdiction exists under 28 U.S.C. § 1332, because "there is complete diversity of citizenship."[2]

---

[1] Complaint [DE 1], ¶ 1.
[2] Complaint [DE 1], ¶ 6.

4.     This Court has only that limited subject matter jurisdiction specified in Article III of the Constitution, or as specified by Congress. *Taylor v Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Thus, "[i]t is presumed that a federal court lacks jurisdiction in a particular case until the plaintiff demonstrates the court has jurisdiction over the subject matter." *JPMCC 2005-CIBC13 Collins Lodging, LLC v. Philips South Beach, LLC*, 2010 U.S. Dist. LEXIS 112607, *4 (S.D. Fla. 2010) (dismissing case for lack of subject matter jurisdiction).[3] So limited is this Court's jurisdiction that the absence of subject matter jurisdiction may be raised at any time, and cannot be waived. *Brochese v Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005); *Goodman v Sipos*, 259 F.3d 1327, 1331 n. 6 (11th Cir. 2001) (a "federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings…"). Indeed, "once a court determines it is without subject matter jurisdiction, the court is powerless to continue." *Brochese,* 405 F.3d at 974-5. *See also*, Fed.R.Civ.P. 12(h)(3) ("If the Court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

5.     The burden of factually pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is challenged, that party also bears the burden of proof. *King v. Cessna Aircraft Co.,* 505 F.3d 1160, 1171 (11th Cir.2007) ("Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity."); *Ray v. Bird & Son & Asset Realization Co.,* 519 F.2d 1081, 1082 (5th Cir.1975). To satisfy this burden, generally, the party invoking the court's jurisdiction "must affirmatively allege *facts* demonstrating the existence of jurisdiction…" *Taylor*, 30 F.3d at 1367.

---

[3] Under Rule 12(b)(1), a party may challenge subject matter jurisdiction either facially or factually. While a facial attack is based solely on the allegations of a complaint, a factual attack contests subject matter jurisdiction based upon "matters outside of the pleadings." *JPMCC*, 2010 U.S. Dist. LEXIS 112607 at *5. Defendants mount a facial attack in this Motion.

3

6.	To properly plead diversity jurisdiction, Plaintiff must factually plead, inter alia, that "the dispute is between *citizens* of different states." 28 U.S.C. §1332(a)(1). Further, Plaintiff must plead facts (not conclusions) demonstrating that "…[the citizenship of] every plaintiff [is] diverse from [that of] every defendant." *Professional LED Lighting LTD., v. AADYN Technology LLC*, 88 F.Supp.3d. 1356, 1361 (2015); *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998).

7.	Unlike a corporation, "a limited liability company such as Plaintiff is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir.2004). Therefore, "[t]o sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company…" *Id.; see also Venture Invs. Props., LLC v. Scottsdale Ins. Co.,* 2015 WL 269011, at *1 (M.D. Fla. Jan. 21, 2015) ("To establish diversity jurisdiction, the Court needs information regarding the citizenship of all the members of a limited liability company, not just the managing members.").

8.	Plaintiff's sole allegation purporting to establish diversity jurisdiction is – "Plaintiff is organized under the laws of the state of Delaware and maintains a principal place of business in New York." However, this allegation does nothing to satisfy the Plaintiff's burden to establish this Court's diversity jurisdiction. The law is clear that to establish diversity in this matter, Plaintiff must list the citizenships of all the members of the limited liability company. Plaintiff's Complaint contains no information regarding the *identities* or *citizenships* of the members of the Plaintiff limited liability company. Since the Complaint fails to establish this Court's subject matter jurisdiction over Plaintiff's claims, this Court must presume that it lacks jurisdiction over this case and dismiss this action. Fed.R.Civ.P. 12(h)(3); *Southeast Bank, N.A. v*

*Gold Coast Graphics Group Partners,* 149 F.R.D. 681, 683 (S.D. Fla. 1993) (a "federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction.").

### Assuming the Court has subject matter jurisdiction, Counts III through VI should be dismissed.

9. Assuming arguendo this court determines it has subject matter jurisdiction, the Court must dismiss Counts III through VI because the claims asserted in those Counts are statutorily preempted by the FUTSA upon which Count II is based.

10. Count II of Plaintiff's Complaint alleges a cause of action for misappropriation and misuse of trade secrets in violation of the FUTSA, Fla. Stat. §§ 688.001 – 688.009.[4] The FUTSA is clear that "ss. 688.001- 688.009 displace conflicting tort, restitutory, and other law of this state providing civil remedies for misappropriation of a trade secret." F.S. § 688.008(1); *see also Amer. Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.*, 390 F.Supp.2d 1170, 1180 (M.D. Fla. 2005) (stating "FUTSA preempts all claims, other than claims *ex contractu*, based on misappropriation of trade secrets").

11. Furthermore, this preemption determination is appropriate at the motion to dismiss stage as the majority position in this circuit is that "the FUTSA preempts **all non-contract claims** based on the misappropriation of confidential and/or commercially valuable information even if the information does not constitute a trade secret under the FUTSA." *See Jouria v. CE Resource, Inc.*, Case No. 15-cv-61165, 2017 WL 3868422 at *5 (S.D. Fla. July 12, 2017) (citing *Am. Registry, LLC v. Hanaw*, Case No. 13-cv-352, 2014 WL 12606501, at *6 (M.D. Fla. July 16, 2014)) (emphasis added).

12. In determining whether the FUTSA preempts all other non-contract claims, the Court must determine whether the *factual allegations* supporting the non-contract claims are

---

[4] Complaint [DE 1], pp. 8-9.

"materially distinct" from those supporting the claim for misappropriation of trade secrets. *ISO Claims Services, Inc. v. Bradford Tech., Inc.*, Case No. 09-cv-976, 2011 WL 13176422, at *5 (M.D. Fla. Sept. 29, 2011). "The Court must therefore examine the allegations in each claim to see if they are (factually) separate and distinct from the FUTSA claim." *Amer. Honda Motor Co., Inc.,* 390 F.Supp.2d at 1181. Where "the allegations of trade secret misappropriation *alone* comprise the underlying wrong, only the FUTSA claim will survive the motion to dismiss." *Id*. (emphasis in original). Stated another way, it is not enough for plaintiff to "present no additional factual allegations, and instead, simply incorporate[] the 'facts common to all claims'" in the complaint. *ISO Claims Services, Inc.,* 2011 WL 13176422 at *5. Instead, to avoid dismissal, the plaintiff must "[plead] a [factual] distinction between the wrongdoing alleged in the trade secret claim under FUTSA" and the facts alleged in the other claims. *See Jouria*, 2017 WL 3868422 at *4 (S.D. Fla. July 12, 2017) (dismissing tortious interference claim because it was preempted by the FUTSA as the alleged underlying misconduct for both claims is the same).

13.     For example, the FUTSA preempts claims for unfair competition if both claims are based on the defendants' "use of the trade secrets and/or confidential and proprietary information that [defendant] obtained during her employment." *Allegiance Healthcare Corp. v. Coleman*, 232 F.Supp.2d 1329, 1336 (S.D. Fla. 2002) (internal citations omitted) (granting defendants' motion to dismiss plaintiff's unfair competition claim because it was preempted by the FUTSA). Thus, because "the allegations are both based on [the defendants'] alleged misuse of certain information that [defendant] obtained while Plaintiff's employee", the court dismissed the unfair competition claim because "Plaintiff has not identified any material distinction between the wrongdoing alleged in the trade secret claim and that alleged in the unfair competition claim." *Id*.

14.     Counts III through VI of Plaintiff's Complaint are premised solely on the same set of facts alleged in support of the FUTSA claim in Count II, specifically that the Weitz Defendants: (1) "unlawfully download[ed] Fusion's confidential valuable client account information"; (2) "improperly retained Fusion's confidential information"; and (3) "used Fusion's confidential customer information to identify, contact, solicit and induce Fusion clients to transfer their accounts and otherwise divert business from Fusion to their new employer Wealth Bridge." *See* Complaint at ¶¶ 13 - 18. Plaintiff also alleges that, "[b]y stealing and providing to a competitor client records, including the names, addresses, telephone numbers, e-mail addresses and other financial information regarding Fusion's clients, the Weitzs have violated their fiduciary duties to Fusions." *See* Complaint at ¶ 19.

15.     In Count III (breach of duty of loyalty), Plaintiff presents no additional factual allegations beyond those recited above in paragraph 14. Indeed, this Count simply "repeats and re-alleges paragraphs 1 through 26 of this Complaint as if fully set forth herein" and again references the use of "customer information he gained as a result of his employment with Fusion" i.e. the alleged wrongdoing of trade secret misappropriation. *See* Complaint at ¶¶ 41, 44. These allegations are insufficient to avoid pre-emption dismissal under the FUTSA since the factual basis of this Count is exactly the same factual basis of Plaintiff's FUTSA claim. *See ISO Claims Services, Inc.*, 2011 WL 13176422, at *5 (noting that it is not enough to incorporate all previously alleged facts). There is no additional factual allegation of alleged misconduct, such as attempting to recruit away Plaintiff's employees to work for Defendants. *See Imagine Communications Corp. v. Villegas*, Case No. 17-cv-20401, 2017 WL 2304013, at *4 (S.D. Fla. May 19, 2017) (noting that, because plaintiff provided the additional allegation that "Defendants also conspired to recruit and solicit other employees of Plaintiff to join the Competitor" in

addition to using the plaintiff's "highly confidential information", the breach of duty of loyalty claim was not preempted by the FUTSA because the recruitment of plaintiff's employees is distinct from the trade secret misappropriation). Thus, Count III is preempted by the FUTSA because Plaintiff "fails to [factually allege]…a distinction between the trade secret claim under FUTSA and that alleged by the [duty of loyalty] claim." *See Jouria*, 2017 WL 3868422 at *4.

16. In Count IV (conversion), Plaintiff presents no additional factual allegations beyond those recited above in paragraph 14. Indeed, this Count simply "repeats and re-alleges paragraphs 1 through 26 of this Complaint as if fully set forth herein" and alleges that "defendants' conduct constitutes conversion." *See* Complaint at ¶¶ 46, 47. Again, these allegations are insufficient to avoid pre-emption dismissal under the FUTSA since the factual basis of this Count is exactly the same factual basis of Plaintiff's FUTSA claim. *See ISO Claims Services, Inc.*, 2011 WL 13176422, at *5 (noting that it is not enough to incorporate all previously alleged facts). Thus, Count IV is preempted by the FUTSA because Plaintiff "fails to [factually allege]…a distinction between the trade secret claim under FUTSA and that alleged by the [conversion] claim." *See Jouria*, 2017 WL 3868422 at *4; *See also Supercase Enterprise Co., Ltd. V. Marware, Inc.*, Case No. 14-cv-61158, 2015 WL 11622424, at *8 (S.D. Fla. Oct. 26, 2015) (dismissing counterclaim for conversion of confidential business information and assets, among other common law torts, because it was preempted by the FUTSA as the conversion and FUTSA claims were not materially distinguishable).

17. In Count V (unfair competition), Plaintiff presents no additional factual allegations beyond those recited above in paragraph 14. Indeed, this Count simply "repeats and re-alleges paragraphs 1 through 26 of this Complaint as if fully set forth herein" and alleges that the "foregoing conduct of defendants constitutes an unfair method of competition in violation of

law." *See* Complaint at ¶¶ 49, 50. As argued above, these allegations are insufficient to avoid pre-emption dismissal under the FUTSA since the factual basis of this Count is exactly the same factual basis of Plaintiff's FUTSA claim. *See ISO Claims Services, Inc.*, 2011 WL 13176422, at *5 (noting that it is not enough to incorporate all previously alleged facts). Thus, Count V is preempted by the FUTSA because Plaintiff "fails to [factually allege]…a distinction between the trade secret claim under FUTSA and that alleged by the [unfair competition] claim." *See Jouria*, 2017 WL 3868422 at *4; *See also Allegiance Healthcare Corp.*, 232 F.Supp.2d at 1336 (dismissing plaintiff's unfair competition claim because it was preempted by the FUTSA as the unfair competition claim was based on defendants' misuse of certain information employee defendant obtained while plaintiff's employee).

18.     In Count VI (interference with a contractual relationship), Plaintiff presents no additional factual allegations beyond those recited above in paragraph 14. Indeed, this Count simply "repeats and realleges paragraphs 1 through 26 of this Complaint as if fully set forth herein" and again references the "soliciting and inducing" of Fusion customers – the underlying conduct for the misappropriation of trade secrets claim. *See* Complaint at ¶¶ 52, 55. As argued above, these allegations are insufficient to avoid pre-emption dismissal under the FUTSA since the factual basis of this Count is exactly the same factual basis of Plaintiff's FUTSA claim. *See ISO Claims Services, Inc.*, 2011 WL 13176422, at *5 (noting that it is not enough to incorporate all previously alleged facts). Thus, Count VI is preempted by the FUTSA because Plaintiff "fails to [factually allege]…a distinction between the trade secret claim under FUTSA and that alleged by the [interference with a contractual relationship] claim." *See Jouria*, 2017 WL 3868422 at *4 (dismissing plaintiff's tortious interference claim because it was preempted by the FUTSA as the underlying alleged misconduct was the same for both claims).

19. Plaintiff's misappropriation of trade secrets claim under the FUTSA is indistinguishable from Plaintiff's non-contract claims for breach of duty of loyalty (Count III), conversion (Count IV), unfair competition (Count V), and tortious interference with contract (Count VI). As such, these claims are preempted under F.S. § 688.008(1) and must be dismissed.

**WHEREFORE**, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirely under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Alternatively, if the Court determines that it does possess subject matter jurisdiction, Defendants respectfully request that the Court dismiss Counts III, IV, V, and VI as they are preempted by the FUTSA, F.S. § 688.008(1), because they are indistinguishable from Plaintiff's claim for misappropriation of trade secrets as asserted in Count II of Plaintiff's Complaint.

Respectfully submitted,

s/ Kelly H. Kolb
Kelly H. Kolb, Esq.
Florida Bar Number: 0343330
kelly.kolb@bipc.com
Mary Beth Ricke
Florida Bar No: 107213
marybeth.ricke@bipc.com
**BUCHANAN INGERSOLL & ROONEY PC**
401 East Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL  33301
Telephone:    (954) 703-3944
Facsimile:     (954) 703-3939
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this the 25th day of October, 2017, a true and correct copy of the above and foregoing has been filed with the Clerk of Court using the CM/ECF system.  I FURTHER CERTIFY that the foregoing document is being served this date, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized

manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic filing on the counsel of record or *pro se* parties identified on the Service List below.

## SERVICE LIST

Andrew Thomson, Esq.
Neil S. Baritz, Esq.
BARITZ & COLMAN LLP
1075 Broken Sound Parkway NW, Suite 102
Boca Raton, Florida 33487
nbaritz@baritzcolman.com
athomson@baritzcolman.com

s/ Kelly H. Kolb
Kelly H. Kolb, Esq.
