**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 17-61947-GAYLES/SELTZER

FUSION ANALYTICS INVESTMENT
PARTNERS LLC,

        Plaintiff,

vs.

WEALTH BRIDGE SOLUTIONS, LLC,
PETER WEITZ, STEVEN WEITZ, and
BRIAN RICE,

        Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff FUSION ANALYTICS INVESTMENT PARTNERS LLC moves, under Rule 15 of the Federal Rules of Civil Procedure, for leave to file an amended complaint and, in support, states:

    1.    On October 3, 2017, Plaintiff filed its complaint in this matter.

    2.    On October 25, 2017, Defendants moved to dismiss Plaintiff's complaint, arguing among other things that the complaint did not contain allegations sufficient to show the citizenship of Plaintiff's members.

    3.    Plaintiff, at an evidentiary hearing on its motion for preliminary injunction, introduced evidence that its members are citizens of New York and Massachusetts, respectively, and thus that this Court had subject matter jurisdiction due to complete diversity of citizenship. Nevertheless, Plaintiff acknowledges that the allegations in its complaint did not contain such information regarding the citizenship of Plaintiff's members.

4. As a result, Plaintiff seeks to file the attached Amended Verified Complaint that contains such information regarding the citizenship of Plaintiff's members. The Amended Verified Complaint also addresses other arguments raised in Defendants' motion to dismiss and adds an additional cause of action related to Defendant's intentional and unauthorized destruction of business files on Plaintiff's computer (destruction which Defendants originally denied, and then admitted to in open court).

5. Rule 15(a)(2) states that, when leave of Court is sought to file an amended pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In that regard, the Eleventh Circuit "has accepted a policy of liberal amendment." U.S. for Use & Benefit of Krupp Steel Products, Inc. v. Aetna Ins. Co., 831 F.2d 978, 983 (11th Cir. 1987). "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984).

6. Here, justice supports leave to amend. This case has been pending for less than two months, so no undue delay has occurred. This is the first amendment sought, thus the privilege to amend has not been abused. Defendants are not unduly prejudiced by this proposed amendment. Finally, this amendment is sought properly to address Plaintiff's citizenship and thus this Court's jurisdiction, and the Eleventh Circuit has held that leave should be granted freely in such situations.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff leave to file the Amended Verified Complaint attached as Exhibit A and grant all other relief deemed appropriate.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

The undersigned certifies that he conferred with Defendants' counsel on November 30, 2017, and December 1, 2017, regarding the relief requested in this motion, and that Defendants would not agree to such relief.

Dated:  December 1, 2017

Respectfully submitted,

**BARITZ & COLMAN LLP**
1075 Broken Sound Parkway NW, Suite 102
Boca Raton, Florida 33487
Telephone:  (561) 864-5100
Facsimile:   (561) 864-5101

*/s/ Andrew Thomson*
Neil S. Baritz
Florida Bar No. 003468
nbaritz@baritzcolman.com
Andrew Thomson
Florida Bar No. 057672
athomson@baritzcolman.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on December 1, 2017, a true and correct copy of the foregoing was served through the CM/ECF system on:

**Kelly H. Kolb, Esq.**
**Mary Beth Ricke, Esq.**
BUCHANAN INGERSOLL & ROONEY PC
401 East Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL 33301
kelly.kolb@bipc.com
marybeth.ricke@bipc.com

*/s/ Andrew Thomson*
Andrew Thomson