# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 17-61947-GAYLES/SELTZER

FUSION ANALYTICS INVESTMENT
PARTNERS LLC,

        Plaintiff,

vs.

WEALTH BRIDGE SOLUTIONS, LLC,
PETER WEITZ, STEVEN WEITZ, and
BRIAN RICE,

        Defendants.

## AMENDED VERIFIED COMPLAINT

Plaintiff Fusion Analytics Investment Partners LLC ("Fusion") seeks injunctive relief and money damages against Defendants Wealth Bridge Solutions, LLC ("Wealth Bridge"), Peter Weitz, Steven Weitz and Brian Rice, who have engaged in a far-reaching, brazen scheme to destroy Fusion's business through the wholesale theft and conversion of Fusion's trade secrets, confidential client information and other items for their own financial gain. Defendants have used and are using Fusion's property to contact and solicit Fusion's clients in violation of their duties to Fusion, including but not limited to their fiduciary duties, Florida law, and state and federal laws. Defendants Wealth Bridge and Rice have facilitated, encouraged and participated in and therefore aided and abetted the Weitzs' unlawful conduct.

## THE PARTIES

1. Plaintiff Fusion is, and has been during the entire pendency of this matter, a limited liability company with two members: (a) Michael Conte, who is a citizen of the State of New York;

and (b) Kevin Lane, who is a citizen of the Commonwealth of Massachusetts. Fusion, therefore, is a citizen of New York and Massachusetts, respectively.

2. Defendant Wealth Bridge is a limited liability company. Upon information and belief, its members are citizens of Oregon.

3. Defendant Peter Weitz is a former Fusion Senior Vice President and Managing Director of Fusion's 401(k) Advisory Group in Fusion's Coral Springs, Florida office. Peter is a citizen of the State of Florida.

4. Defendant Steven Weitz is a former Fusion employee who was employed as a registered investment advisor in Fusion's Coral Springs, Florida office. Steven is a citizen of the State of Florida.

5. Defendant Brian Rice is a principal and control person of Wealth Bridge. Upon information and belief, Rice is a citizen of the State of Oregon.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction exists by virtue of diversity of citizenship under 28 U.S.C. § 1332. The matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship. In addition, subject matter jurisdiction exists by virtue of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. Injunctive relief is sought pursuant to Federal Rule of Civil Procedure 65. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because it is the district in which the conduct complained of arose, in which Fusion maintains a place of business, and in which Defendants Peter and Steven Weitz reside.

## THE FACTS

7. Defendants Peter Weitz and Steven Weitz were employed as registered representatives in Fusion's Coral Springs, Florida, office from 2009 until September 25, 2017.

8. As registered representatives for Fusion, the Weitzs were primarily responsible for servicing Fusion's investment clients. The advisory and execution fees that Fusion receives from its clients constitute its primary source of revenue. Fusion's client base has been developed by Fusion over the years at considerable cost and through the diligent efforts of Fusion. Fusion assigned the Weitzs' to service at least 200 of its clients holding millions of dollars of assets under Fusion management. Fusion paid the Weitzs' substantial salaries and commissions.

9. In order to permit the Weitzs to service its clients, Fusion provided the Weitzs with access to Fusion's extensive client records and information, including clients' transaction histories, account types, account balances, asset allocations, income, liquid and total net worth, tax status, tax information, investment objectives, and other confidential financial information.

10. The Weitzs' resigned on September 25, 2017, and immediately began working at Wealth Bridge.

11. Following the Weitzs' resignations, Fusion for the first time discovered that they for several months had been secretly soliciting Fusion clients to divert their business to their new employer.

12. Among other things, a review of the Weitzs' emails on Fusion's computer system revealed a scheme by the Weitzs dating back several months by which they had been planning their exit from Fusion, with referral sources of Fusion. Copies of email correspondence are annexed hereto as Exhibit A.

13. Additional unlawful conduct of the Weitzs discovered by Fusion includes: (a) unauthorized computer downloads of client information; (b) use of the computer "wiping" software DP Wiper to eliminate evidence of their actions; and (c) emails containing Fusion's confidential client information sent from their Fusion email addresses to their personal email addresses. Copies of email correspondence are attached as Exhibit B.

14. Since the Weitzs' departure, several of Fusion's clients have reported receiving telephone calls from them in which they have solicited the clients to move their business to Wealth Bridge.

15. Fusion has spent significant financial and human resources to develop and maintain this information, which is of great value to Fusion and which would cause it far-reaching damage in the hands of a competitor such as Wealth Bridge.

16. Fusion has expended substantial effort and expense to protect the confidentiality of its customer lists and client information, including computer and office security systems and agreements with its employees strictly forbidding the appropriation or use of such information.

17. The Weitzs have improperly retained Fusion's confidential information, and used Fusion's confidential customer information to identify, contact, solicit and induce Fusion clients to transfer their accounts and otherwise divert business from Fusion to their new employer, Wealth Bridge.

18. By stealing and providing to a competitor client records, including the names, addresses, telephone numbers, email addresses and other financial information regarding Fusion's clients, the Weitzs have violated their fiduciary duties to Fusion.

19. Upon information and belief, the Weitzs have engaged in, are engaging in, and plan to continue to engage in, *inter alia*, the following unlawful acts:

(a) retention and/or use of customer information and conversion of the information contained in confidential Fusion business records stolen from Fusion during their employment with Fusion, specifically including the names, addresses, telephone numbers, and confidential financial information of the customers they serviced at Fusion;

(b) transmitting verbally, in writing or in any other manner to their new employer, Wealth Bridge, and/or others, the information described in sub-paragraph (a) above;

(c) soliciting and contacting and/or preparing to contact and solicit Fusion's clients to terminate their relationship with Fusion and transfer their accounts to their new employer, Wealth Bridge, using confidential and proprietary information stolen by the Weitzs; and/or

(d) other acts in breach of their fiduciary duties to Fusion.

20. Defendants' conduct was, and is, in furtherance of a scheme to obtain and to convert to their personal use, and for their personal gain, the records of Fusion, the property of Fusion, the names, addresses and confidential customer information used to conduct business at Fusion, the trade secrets of Fusion, and the goodwill generated, directly and indirectly, by his association with Fusion, and to do so by means of, *inter alia*, solicitation of clients of Fusion serviced by the Weitzs that became known to them while in the employ of Fusion.

21. Fusion believes, and therefore alleges, that Wealth Bridge and Rice have provided the Weitzs with financial incentives based upon representations made by them concerning the clients they serviced at Fusion and which they expect to divert to Wealth Bridge. On information and belief, Wealth Bridge intends to profit from the Weitzs' unlawful conduct.

22. The Weitzs engaged in the conduct described above in anticipation of their employment with Wealth Bridge, and then as employees of Wealth Bridge, on its behalf, and, on information and belief, with its aid, support and encouragement.

23. Wealth Bridge, acting through its employees, the Weitzs, and by means of any other efforts it undertook to assist, support or encourage their conduct, has misappropriated and misused Fusion's confidential and trade secret information, committed the tort of unfair competition, and tortiously interfered with Fusion's contractual and business relationships.

24. It is evident that Defendants will not cease from their tortious and unlawful conduct unless enjoined from doing so.  Absent an injunction, defendants will continue to misappropriate Fusion's trade secrets, to violate the confidentiality of Fusion's confidential information, to contact and solicit its clients, and to engage in other tortious conduct, including unfair competition.  Fusion has demanded in writing that defendants cease their misconduct, return all client information, and provide assurances that they will not commit such breaches in the future.  Nevertheless, Defendants' unlawful conduct continues.

25. In addition to injunctive relief, Fusion seeks damages to compensate it for the business that Defendants have diverted or may divert from Fusion.

26. Fusion has engaged the undersigned law firm and is obligated to pay it a reasonable fee.

## **COUNT I – INJUNCTIVE RELIEF**
(All Defendants)

27. Fusion repeats paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Fusion has legitimate business interests in protecting its trade secrets, confidential customer information, substantial relationships with its existing and prospective customers and its customer goodwill.

29. Unless the defendants are permanently enjoined, Fusion will be irreparably harmed by:

(a) Disclosure and misuse of trade secrets, customer lists, and/or other confidential information that is solely the property of Fusion and its clients;

(b) Loss of confidentiality of the information contained in clients' records, loss of confidentiality of clients' financial dealings, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation; and

(c) Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

30. The injury to Fusion outweighs any miniscule damage to Defendants. The injunction would not be adverse to the public interest; indeed, the public policy of the State of Florida, as embodied in its Trade Secrets Act, is to enjoin the misappropriation of trade secrets.

31. Fusion has no adequate remedy at law.

32. By statute, Fusion is entitled to reimbursement of its reasonable costs, including attorney's fees, incurred in this action.

### COUNT II – MISAPPROPRIATION OF TRADE SECRETS
(All Defendants)

33. Fusion repeats paragraphs 1 through 26 of this Complaint as if fully set forth herein.

34. The books, files and records of Fusion, the confidential information contained therein, and especially the data pertaining to Fusion customers, including customers' social security numbers, account numbers, financial status, financial statements, investment objectives and preferences, assets and/or securities held by these customers, and other highly confidential personal and financial information, are trade secrets of Fusion subject to protection under the Florida Uniform Trade Secrets Act.

35. This information derives independent economic value by not being accessible, through proper means, to competitors such as Wealth Bridge, which can profit from its use or

disclosure. The identities of Fusion's clients and their personal financial information are not readily available to the public or to Fusion's competitors. Fusion has spent significant sums, in terms of both financial and human resources, to develop and maintain this information, which is of great value to any competitor.

36. Fusion has taken more than adequate measures under the circumstances to maintain the secrecy of this information, including assigning computer access passwords to be used to access Fusion computer systems and records, restricting access to its business premises, and having employees, including the Weitzs, sign agreements which expressly prohibit the use and disclosure of such information outside of Fusion.

37. Defendants' conduct, as described above, constitutes a misappropriation and misuse of Fusion's confidential, trade secret information in violation of the Florida Uniform Trade Secrets Act, Fla. Stat. Defendants acquired Fusion's trade secrets by improper means. Defendants disclosed and/or used Fusion's trade secrets without Fusion's express or implied consent, and continued despite Fusion's request that they cease and desist. At the time of the disclosure or use, Defendants knew or had reason to know that their knowledge of the trade secret was derived from the Weitzs' use of improper means to acquire it, that their knowledge was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, and was from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

38. Defendants' conduct has caused Fusion to suffer damages. Fusion has suffered, and will suffer, actual loss, which Fusion is entitled to recover as an element of its damages. In addition, defendants have been unjustly enriched by their misappropriation of Fusion's trade secrets, and Fusion is entitled to recover, as an element of its damages, the value of that unjust enrichment.

39. Defendants' acts of misappropriation were, and continue to be, malicious and willful. Accordingly, by statute, Fusion is also entitled to, and seeks recovery of, its attorneys' fees and costs.

## **COUNT III – COMPUTER FRAUD AND ABUSE ACT**
(Peter Weitz)

40. Fusion repeats paragraphs 1 through 26 of this Complaint as if fully set forth herein.

41. Immediately prior to his resignation, in an effort to cover up his disloyal and fraudulent activities, Peter Weitz secretly accessed his Fusion computer and installed wiping software that deleted numerous Fusion business files and emails, including Fusion's confidential and trade secret information.

42. In so doing, Peter Weitz knowingly causes the transmission of a program that intentionally caused damage to Fusion's computer, and he did so without authorization.

43. By deleting Fusion's business information from his Fusion computer, Peter Weitz impaired the availability of the data on Fusion's computer, thereby causing damage.

44. Peter Weitz's conduct caused an interruption of service to Fusion's computer. When Fusion discovered this interruption of service, it was required to conduct a damage assessment, engage a forensic expert, and bring this action to restore the data deleted by Weitz, thereby causing loss.

45. The damage and loss sustained by Fusion due to Weitz's improper conduct exceeds $5,000.

46. Peter Weitz's conduct described above violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(A).

9

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT
(All Defendants)

47. Fusion repeats paragraphs 1 through 26 of this Complaint as if fully set forth herein.

48. Fusion has valid contractual and business relationships with its customers.

49. Defendants had knowledge of these relationships between Fusion and its customers.

50. Defendants have intentionally interfered with these contracts by soliciting and inducing Fusion customers to terminate their relationships with Fusion.

51. Defendants had no justification for their actions.

52. Fusion has suffered, and will suffer, loss and damages as a result of Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fusion Analytics Investment Partners LLC, prays for entry of judgment in its favor and against all Defendants for:

(1) permanent injunctive relief;

(2) damages in an amount to be determined at trial;

(3) attorney's fees and costs; and

(4) any other relief that the Court deems appropriate and proper.

## VERIFICATION

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Joseph P. Conte, Chief Financial Officer
Fusion Analytics Investment Partners LLC

Date: November 28, 2017.

Respectfully submitted,

**BARITZ & COLMAN LLP**
1075 Broken Sound Parkway NW, Suite 102
Boca Raton, Florida 33487
Telephone: (561) 864-5100
Facsimile: (561) 864-5101

*/s/ Andrew Thomson*
Neil S. Baritz
Florida Bar No. 003468
nbaritz@baritzcolman.com
Andrew Thomson
Florida Bar No. 057672
athomson@baritzcolman.com

# EXHIBIT A



Mail

decaprio       ○ New |    Delete    Archive   Junk |   Sweep   Move to   Categories                    Undo

○ Exit search       Sent Items                     Weitz ?

In folders
All folders                                        Peter DeCaprio <pdecaprio@crowpointpartne
Inbox
Sent Items
Date                                               Peter Weitz
  All                                              1/10/2017
  This week
  Last week                                        No problem
  This month
  Select range                                     Peter Weitz
From                                               Should I call Garrett?
  Sat 9/30/2017
To                                                 Peter Weitz
  Sat 9/30/2017                                    Sounds good!

                                                   Peter DeCaprio <pdecaprio@crowpointpartner
                                                                                         Reply |
                                                   1/10/2017
                                                   Peter Weitz; Robert Bernstein

                                                   Inbox

                                                   Boys:

                                                   Our burgeoning 401k business has another solid prospect.
                                                   Peter, you and I should speak to Garrett about this. Robert
                                                   for your benefit, we are in the middle stages of getting our
                                                   wealth management business set up. We will use Garrett's
                                                   ADV for it as it is already set up with the necessary
                                                   infrastructure in place. We will use Raymond James as a
                                                   platform. The assets we have circled from one independent
                                                   platform are in motion our way as are the assets from
                                                   Ameriprise. The Ameriprise team is aiming for a March 1
                                                   start date. Peter it might be best to start with your
                                                   business first. I will call you today.

                                                   -----Original Message-----
                                                   From: Garrett Paolella [mailto:gpaolella@reconfunds.com]
                                                   Sent: Monday, January 09, 2017 8:37 PM
                                                   To: Peter DeCaprio <pdecaprio@crowpointpartners.com>
                                                   Subject: Weitz ?

                Peter DeCaprio                     Is he onboard to move over to us too? If so, I have my
                Congratulations on being named  8/4/2017   uncles 401k to walk him into. 100+ employees and Co has
                Sweet! Sent from my iPhone On Aug 4, 2...  been around almost 15 years. Should be a big one.

                Older                              I think I have another handful of good ones for him too. I
                Peter DeCaprio                     never tapped the 401k market so he can have all our
                3Q Fact Sheet             7/26/2017  relationships. (E.g MKM Partners)
                From: Joe Bruns [mailto:Joseph.Bruns@st...
                                                   Best regards,
                Lucas, Jason P
                Paychex Retirement Services  7/25/2017   Garrett Paolella

(Handwritten annotation: "Fusion saves Garrett P.")

Reply |      Delete   Junk |

# (No subject)



Peter DeCaprio <pdecaprio@crowpointpartners.com>           Reply |
1/18/2017
Peter Weitz

You replied on 1/18/2017 12:12 PM.

Can you send me your p&l or projection for 2017? Putting together our RIA model for Garrett. If you could also break out assets by wealth mgnt vs 401k would be helpful. And if you would like cash to prepay Jason how much. Also what payout ratio you'd like for yourself.

Sent via the Samsung Galaxy Note® II, an AT&T 4G LTE smartphone

# FW: follow up

 **Peter Weitz**                                                   Reply |
4/13/2017
Peter DeCaprio <pdecaprio@crowpointpartners.com>

Metlife Letter to plan sp...            Metlife Less than 100M....
348 KB                                  479 KB

2 attachments (827 KB)    Download all

We need to come up with a plan with Omar & Co. on how to attack this list

-----Original Message-----
From: Jones, Eric [mailto:Eric.Jones@cunamutual.com]
Sent: Thursday, April 13, 2017 2:31 PM
To: Peter Weitz
Subject: RE: follow up

See attached


Eric M. Jones
Regional Vice President
CUNA Mutual Retirement Solutions
CUNA Mutual Group
(C) (561) 531-3805 | (F) (772) 245-8252
eric.jones@cunamutual.com


Internal Partner:

Mary Williams, CRPS®
Regional Sales Consultant
CUNA Mutual Retirement Solutions
CUNA Mutual Group
(C) (757) 510-3465 | (O) (608) 665-6402
mary.williams@cunamutual.com


People driven. Outcome focused.®

Securities distributed by CUNA Brokerage Services, Inc. (CBSI), member FINRA/SIPC, a registered
broker/dealer. Non-deposit investment and insurance products are not federally insured, involve

# EXHIBIT B

# (No subject)



**Steve Weitz**
Mon 9/25
sweitz8484@aol.com

↩ Reply

| Copy of Passwords.xlsx | 401K list.docx |
| --- | --- |
| 17 KB | 19 KB |

2 attachments (36 KB)   Download all



**Steven Weitz, CRPC®**
**Chartered Retirement Planning Counselor**
Fusion Analytics Investment Partners, LLC
First Vice President-Investments
5571 North University Drive #104
Coral Springs, FL. 33067

Phone 954-345-2888
Fax 954-344-9299
Toll Free 877-945-2888

sweitz@fusioninvest.com

Purshe Kaplan Sterling Investments ▪ 18 Corporate Woods Blvd ▪ Albany, New York 12211

This message contains confidential information and is intended for the recipient. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Email transmission cannot be certified to be secure or error-free as information could be intercepted, corrupted, lost, or contain viruses. The sender therefore does not accept

# (No subject)



Steve Weitz
9/20/2017
sweitz8484@aol.com

PKSLST1.xlsx
26 KB

Download



**Steven Weitz, CRPC®**
**Chartered Retirement Planning Counselor**
Fusion Analytics Investment Partners, LLC
First Vice President-Investments
5571 North University Drive #104
Coral Springs, FL. 33067

Phone 954-345-2888
Fax 954-344-9299
Toll Free 877-945-2888

sweitz@fusioninvest.com

Purshe Kaplan Sterling Investments • 18 Corporate Woods Blvd • Albany, New York 12211

This message contains confidential information and is intended for the recipient. If you are no intended recipient you are notified that disclosing, copying, distributing or taking any action i reliance on the contents of this information is strictly prohibited. Email transmission cannot b certified to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accep