UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-61947 GAYLES/SELTZER

FUSION ANALYTICS INVESTMENT
PARTNERS, LLC,

      Plaintiff,

v.

WEALTH BRIDGE SOLUTIONS, LLC, PETER
WEITZ, STEVEN WEITZ, and BRIAN RICE,

      Defendants.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR**
**ATTORNEYS' FEES AND/OR NON-TAXABLE EXPENSES AND COSTS**

    Plaintiff Fusion Analytics Investment Partners, LLC ("Fusion"), by and through undersigned counsel, responds in opposition to Defendants' Motion for Extension of Time to File Motion for Attorneys' Fees and/or Non-Taxable Expenses and Costs [DE 119] (the "Motion for Extension"), and states:

**A.  A Short Summary of Why the Motion for Extension Is Objectionable**

    1.    Fusion and the undersigned, generally speaking, believe in providing reasonable extensions of time as a professional courtesy.

    2.    However, the subject Motion for Extension is not one of those typical situations, as Defendants continue to attack Fusion for an alleged (false) fraud on the court and continue to make false accusations against Fusion.

    3.    Defendants have repeatedly stated in filings the basis or theory of their anticipated motion for fraud on the court [DE 55, 83, 109, 114].  If they intend to pursue that motion, Defendants should file it now and finish taking the discovery they have requested in the interim before the anticipated future evidentiary hearing on the issue.

4.      Needless to say, the relevant procedure should be the procedure for how every claim gets litigated with first a claim, then discovery, and finally trial – not discovery, then a claim, etc.  Defendants should not be granted additional time or privileges of getting all of their requested discovery before filing the actual claim or motion.

5.      In addition, Defendants' extension request is too open-ended; Defendants request an extension of 60 days from the last document received, after which Defendants themselves make the decision to file a notice advising the Court.

6.      Such an extension request is improper under the current circumstances because it is too open-ended on Defendants' own terms and own decisions.  If the Court is inclined to grant an extension, there should be reasonable limitations such as a set – not open-ended – new deadline of a certain number of days from now.

**B.  There Was No Obstruction in Discovery**

7.      Defendants attach emails in Exhibits A and B, and argue that Fusion has obstructed certain discovery requests from the very start.

8.      For example, Exhibit B is a string set of emails on June 14 and 15, 2018.  On the June 14th email, Defendants' counsel emailed Mr. Conte late in the day and requested Fusion's position on the Motion for Substituted Service on Kenneth J. Lopez, P.A. [DE 109].[1]

9.      The next morning (June 15th), Mr. Conte responded and stated Mr. Lopez was on vacation (which was true).

10.     Incredibly, Defendants take a shot at Fusion for responding that Mr. Lopez was on vacation in mid-June (which, again, was true) and argue that this is some proof that Fusion was conspiring with Mr. Lopez to ensure he was unavailable for being served with the subpoena.

---

[1]  Defendants correctly note that the Motion for Substituted Service is fully briefed and has been pending since early July.

Fusion is shocked that it actually has to respond to such an accusation in a Federal Court filing, when Fusion was simply advising opposing counsel as a courtesy that Mr. Lopez was out of town.

11.     The Exhibit B emails involving Mr. Lopez do not demonstrate obstruction nor interference nor anything improper (during a time that Fusion was *pro se*).

12.     In addition to the Exhibit B emails, Defendants attach, as Exhibit A, emails involving the Breard auditor firm.

13.     Defendants obtained these emails unilaterally and improperly from the Breard firm without notice to Fusion and/or serving a new subpoena requesting such emails, to which Fusion would have objected.

14.     It is truly ironic that Fusion is being accused of wrongdoing when Defendants are committing them by unilaterally obtaining Breard-Fusion emails without providing notice and due process to Fusion to object to same.

15.     In the unilaterally and improperly-obtained Exhibit A emails, Defendants argue that Fusion was untruthful because there was never an extension for 30 days for the Breard subpoena.

16.     The bottom line is that Fusion was acting *pro se* at the time and inadvertently failed to request from Defendants the extension of time on behalf of Breard.  There was nothing sinister to this and was a simple oversight by Fusion when it was acting *pro se*.

17.     As demonstrated in the unilaterally and improperly-obtained Exhibit A emails, Fusion intended to request from Defendants a 30-day extension of time on behalf of Breard and the extension was required because Breard had a partner hospitalized with pneumonia who needed to help with the subpoena response/production.[2]

18.     As also demonstrated in the unilaterally and improperly-obtained Exhibit A emails

---

[2]  Putting aside Fusion's oversight in requesting the extension, would Defendants have truly rejected or litigated the extension request when a Breard partner was hospitalized with pneumonia? Again, it is shocking that these issues are ending up in a Federal Court filing.

(namely, the June 3rd email), Fusion intended to challenge the Breard subpoena, the subpoenas were then discussed two days later at the June 5th discovery hearing, and ultimately they were included in para. 3 of the Order on Discovery Hearing [DE 108]. Therefore, there was nothing sinister to the June 3rd email as Defendants would lead the Court to believe.

19. Regarding the tax returns requested in the First and Second Requests for Production, Fusion complied with the Order on Discovery Hearing and timely signed and submitted Form 4506 in late June in full compliance with the Order.

20. It is not Fusion's fault that the IRS has not produced copies of the tax returns as of the Motion for Extension.

21. Lastly, Fusion had a good faith basis in filing the Motion to Clarify/Modify [DE 113], given the Court's June 12, 2018 Order of dismissal on lack of diversity jurisdiction [DE 106].

22. As stated above, Defendants know the basis or theory of their anticipated motion for fraud on the court and have repeatedly informed the world of it [DE 55, 83, 109, 114]. Nothing is preventing, nor has prevented Defendants, from filing their motion now, other than Defendants themselves who simply want the advantage of finishing discovery before filing.

**C. The *Martin* Case Is Not This Case**

23. In the Motion for Extension, Defendants, once again, cite the fraud on the court case of *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332 (11th Cir. 2002). Therefore, and once again, Fusion will remind the Court why that case has no relevance to this case and therefore why this case is not a fraud on the court case.

24. Defendants cannot meet the very high standard for fraud on the court based on the Court's statements in the June 12th Order [DE 106], on which Defendants rely.

25. Within the Eleventh Circuit, the standard for fraud on the court requires clear and convincing evidence of the most intentional or most egregious misconduct, such as bribery of a

judge or jury, fabrication of evidence, or other species of fraud that defiles the court itself. *In re Smith*, 2012 WL 4090736, at *4 (N.D. Ala. Sept. 12, 2012). Fraud on the court does not include false statements or documents. *Id.* at *4-5 (no fraud on the court even assuming false documents or statements).

26.     In the body of page 6 of the June 12th Order, the Court found that Fusion had not met its evidentiary burden on diversity jurisdiction, stating that Fusion's explanation on material issues was "not credible." A finding that a party's explanation was "not credible" does not rise to the very high level that Fusion committed a fraud on the court.

27.     In the June 12th Order, the Court noted in footnote 2 several things with very strong language, including "no credible explanation for the discrepancies" by prior counsel, "many months and multiple opportunities to clarify the record" by prior counsel, and an overall "failing" by prior counsel that is either the "troubling" result of either a "lack of candor with the Court or a lack of due diligence."

28.     It is undisputed that the Court's language in the footnote is very strong, but such does not rise to the very high level that Fusion committed a fraud on the court.[3]

29.     As stated above, Defendants rely on the case of *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332 (11th Cir. 2002). The fraud on the court in *Martin*, which alleged an improper sale of a defective Lamborghini Diablo vehicle, included findings of the following egregious and intentional misconduct: (i) misleading the court about the real party in interest in the case (namely, the plaintiff was not the owner of the Lamborghini); (ii) engaging in extensive discovery abuses to obstruct revelation of the known falsities in the complaint; (iii) using letters

---

[3]  Because Defendants cannot come close to the incredibly high fraud on the court standard, such a claim or motion would be improper and potentially frivolous. This case has now become primarily about attorneys' fees, which it should not be, as opposed to the remaining CFAA claim in this case and the to-be-filed case in State Court.

threatening class-action litigation to extort settlement offers from the appellees without any intention of filing a case; and (iv) filing with the court many documents where the signatures of lawyers were forged.  *Id.* at 1338 & n.2.  As a result, the *Martin* court issued the following sanctions: (i) the case was dismissed with prejudice; (ii) counsel and plaintiff had joint and several liability for attorneys' fees and costs for the entire action; (iii) counsel's actions were called to the attention of the Federal Bar and of the Grievance Committee of the Florida Bar; and (iv) counsel and plaintiff's actions were called to the attention of the State Attorney and the United States Attorney to determine if legal violations had occurred.  *Id.* at 1338 & n.1.

30.    Fusion respectfully submits that what happened previously in this case under the supervision of prior counsel, which the Court ultimately concluded in a footnote was "troubling," is nowhere close to what happened in *Martin* (summarized directly above).  Therefore, *Martin* is highly distinguishable.

**D.  Conclusion**

31.    Based on the above, the Court should fully deny the Motion for Extension.

32.    However, if the Court is inclined to grant Defendants an extension of time, Fusion requests that the extension have a set deadline of "x" days from now, as opposed to an open-ended deadline that Defendants unilaterally decide.

Dated: August 14, 2018     Respectfully submitted,

           **SALLAH ASTARITA & COX, LLC**
           *Counsel for Plaintiff*
           3010 North Military Trail, Suite 210
           Boca Raton, FL 33431
           Tel.: (561) 989-9080
           Fax: (561) 989-9020

           /s/Patrick J. Rengstl
           **James D. Sallah, Esq.**
           Fla. Bar No. 0092584
           Email: jds@sallahlaw.com
           **Patrick J. Rengstl, P.A.**
           Fla. Bar No. 0581631
           Email: pjr@sallahlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

           s:/Patrick J. Rengstl
           Patrick J. Rengstl

## **SERVICE LIST**

Kelly H. Kolb, Esq.
Mary Beth Ricke, Esq.
Buchanan Ingersoll & Rooney PC
401 East Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL 33301
Telephone: 954.703.3944
Facsimile: 954.703.3939
kelly.kolb@bipc.com